No. 20,699.

Otto Friedrichs, as Special Deputy Commissioner of Insurance, etc., *v.* Frank E. Goldy, as State Bank Commissioner, et al.

(387 P. [2nd] 274)

Decided December 2, 1963.

Messrs. Gelt and Grossman, Mr. Percy S. Morris, for plaintiff in error.

Messrs. Mason, Reuler and Peek, for defendants in error.

*In Department.*

Opinion by Mr. Justice Hall.

The parties appear here in the same order as in the trial court. We refer to them by name or as the plaintiff and the defendants.

In his complaint, filed January 29, 1962, plaintiff alleges:

1. That since December 11, 1961, plaintiff has been and now is the duly court appointed receiver of Colorado Credit Life, Inc., an insolvent insurance company, and as such he is charged with the duty of taking possession of all of the assets of the insolvent corporation.

2. That on October 10, 1960, Boulder Industrial Bank was duly declared insolvent and on said date the affairs and assets of said bank lawfully placed in the hands of the defendant Reuler for distribution to those lawfully entitled thereto.

3. Among the assets of Boulder Industrial Bank is the sum of $502,345.44 deposited with and credited to the account of Colorado Credit Life, Inc., which sum Reuler has in his possession. That plaintiff filed with Reuler its claim for said sum, which claim Reuler, on July 28, 1960, denied in toto.

4. That denial of said claim was arbitrary, capricious and erroneous.

Plaintiff prays that Reuler be ordered to allow said claim and on final liquidation of said bank to pay to plaintiff such amount as the court may determine is due on said claim.

To this complaint the defendant filed a motion to dismiss, stating:

I. There is only one party to this lawsuit, namely, the State of Colorado, and the state cannot sue itself.

II. That the action is prematurely brought.

III. That as a matter of public policy, the within action should be dismissed.

The trial court sustained the motion to dismiss, stating: " * * * The Court finds that there is only one party in interest in this case, the same being the State of Colorado, and that being the case, an adversary proceeding does not exist. * * * ."

The plaintiff seeks reversal.

The problem sought to be resolved is the ownership of a half million dollars. The state of Colorado, Friedrichs, Goldy and Reuler, do not, nor does any of them, claim to be the equitable owner of said fund or any portion thereof.

The equitable owners of the funds are (1) the creditors, policyholders and stockholders of the insurance company, or some one or more of them, or (2) the creditors, depositors and stockholders of the bank.

The finding of the trial court that " * * * there is only one party in interest in this case, the same being the State of Colorado, * * * " is predicated on form, not substance; fiction, not fact, and is lacking in reality. Colorado makes no claim, it can have no substantive claim, it has duties to perform and, as an incident to performance of those duties, has administrative rights such as the right to appoint the individual parties to this litigation to the end that assets, the property of others, may ultimately repose in the rightful owners thereof.

The further observation of the trial judge, that "an adversary proceeding does not exist," is equally unten-

able. Here, Friedrichs, a legal entity, claims the ownership of funds possessed by Reuler, a legal entity. The foregoing poses a justiciable issue — in fact an issue which Reuler resolved, resolved in a manner unacceptable to Friedrichs. Adverse contentions — grist for the judicial process — prevail and remain unadjudicated.

In substance, we have a situation here comparable to an attorney in fact maintaining an action against another attorney in fact representing a different group with adverse interests.

One who becomes a stockholder, creditor or policyholder of an insurance company, or a stockholder, creditor or depositor of a bank, acquires contractual rights and duties subject to the provisions of existing statutes. Here, the aforementioned stockholders, policyholders and creditors, on acquiring their rights and as part and parcel thereof, sanctioned the appointment of Friedrichs and Reuler to act in their behalf to the end that they realize that to which they are entitled.

While functioning and prior to being divested of authority, the bank and the insurance company acted in behalf of their creditors, depositors, policyholders and stockholders. They could have engaged in court proceedings — adversary proceedings to determine their respective rights to the monies here involved.

It is elementary of course that without adversary parties there can be no justiciable issue presented for judicial adjudication. Looking at substance rather than form, we do not have Colorado suing Colorado; we do not have the Bank Commissioner, an arm of Colorado, suing the Insurance Commissioner, another arm of the state. We do have Friedrichs, a legal entity, suing Reuler, another legal entity — each acting in behalf of persons claiming to be the rightful owners of certain specified property. To the extent that one group's claim is good, the other group's claim is without merit. Here is real controversy, and when and if the controversy

is finally adjudicated, and not until, will it be known that the funds repose in those legally entitled thereto.

▮ Contrary to the decision of the trial court, we hold that the State of Colorado is not the only party in interest, but in truth and in substance the State is not a party in interest or at all. Colorado can have no interest in how the problem sought to be adjudicated terminates, it will neither profit nor lose one iota no matter how the question is resolved.

In 1 C.J.S. 1074, Actions, § 31, it is stated: "It is a well settled rule of law that a party cannot maintain an action against himself, or, stated otherwise, one person cannot in one and the same action, hold the position both of plaintiff and defendant. This is the rule whether the action is one in contract or one in tort. * * * . The rule has no application where according to the actual interests involved the case does not amount to an action by one party against himself, or where in order to maintain the action it is not necessary for the same person to appear on the record as both plaintiff and defendant."

In *State v. Bonzer*, 68 N. D. 311, 279 N. W. 769, a problem similar to that here presented was resolved by the Supreme Court of North Dakota, which held that one arm of the state representing certain persons could maintain a suit against another arm of the state representing certain other persons. Therein the court said:

" * * * The general rule is as the defendants and intervener contend, that one person cannot in one and the same action hold the position both of plaintiff and defendant. And this rule is applicable whether the action is in contract or in tort but does not apply where according to the actual interests involved the case does not amount to an action by one party against himself. See 1 C.J.S., 1074; 1 C.J. 983; 20 R.C.L. 663. And the authorities also say that: 'The rule, however, is a technical one, and in cases where it precludes the maintenance of an action at law relief may ordinarily be had in equity (Equity, par. 38, (21 C.J. p. 71, note 54)), and if resort

cannot be had to equity and the party having a meritorious case would otherwise be without remedy the rule will not be enforced even at law.' 1 C.J.S. 1074.

"Counsel for the intervenor say that the reasons (and that both are applicable here) for the rule that one party cannot be both plaintiff and defendant in the same action are, first, that it is not the purpose of the courts to litigate matters where no actual contest exists; and, second, that it is contrary to public policy to permit the same party to control and dictate the policies of both sides of a suit. Conceding that these are the reasons that underlie the rule, nevertheless they do not exist here. In the first place there is an actual controversy. Though the Bonding Fund may be classed as an agency of the state, yet, as we have shown, the moneys in it are in fact not the property of the state but constitute a trust fund. The state has no interest in this fund other than to see it is safely guarded and conserved and that those for whose benefit it is created receive their just dues. * * * "

In *United States v. Interstate Commerce Commission,* 337 U. S. 426, it was contended, as here, that the United States was suing the United States (the Interstate Commerce Commission, an arm of the United States). There, the United States filed with the Interstate Commerce Commission a complaint charging that certain railroads were exacting from it unjust, discriminatory and excessive payment for unperformed services. This claim was denied by the Commission, whereupon the United States commenced this action against the Commission. The trial court dismissed the case, holding that the government was suing the government and that there were no adverse parties or justiciable issues presented for resolution.

In reversing, the United States Supreme Court, among other things, said:

"In this Court the Commission and the railroad intervenor defendants support the District Court's dismissal

for the reasons given by that court. Alternative reasons are also urged. We hold that the dismissal was error and that the case should have been considered on its merits.

"*First.* There is much argument with citation of many cases to establish the long-recognized general principle that no person may sue himself. Properly understood the general principle is sound, for courts only adjudicate justiciable controversies. They do not engage in the academic pastime of rendering judgments in favor of persons against themselves. Thus a suit filed by John Smith against John Smith might present no case or controversy which courts could determine. But one person named John Smith might have a justiciable controversy with another John Smith. This illustrates that courts must look behind names that symbolize the parties to determine whether a justiciable case or controversy is presented.

"While this case is *United States v. United States, et al.,* it involves controversies of a type which are traditionally justiciable. The basic question is whether railroads have illegally exacted sums of money from the United States. Unless barred by statute, the Government is not less entitled than any other shipper to invoke administrative and judicial protection. To collect the alleged illegal exactions from the railroads the United States instituted proceedings before the Interstate Commerce Commission. In pursuit of the same objective the Government challenged the legality of the Commission's action. This suit therefore is a step in proceedings to settle who is legally entitled to sums of money, the Government or the railroads. The order if valid would defeat the Government's claim to that money. But the Government charged that the order was issued arbitrarily and without substantial evidence. This charge alone would be enough to present a justiciable controversy. *Chicago Junction Case,* 264 U. S. 258, 262-266. Consequently, the established principle that a person

cannot create a justiciable controversy against himself has no application here."

The judgment is reversed and the cause remanded for further proceedings to the end that the funds involved repose in those legally entitled thereto.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE concur.